**YU–HWA PA, individually and dba P&A Construction Company, Plaintiff–counter–defendant–Appellant,**

v.

**Larry DOYLE, Defendant–Appellee,**

**San Francisco Bay Area Rapid Transit District, Defendant–counter–claimant–Appellee.**

No. 05–16451.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2007.

Filed July 11, 2007.

---

Quinlan S. Tom, Esq., McInerney & Dillon, Oakland, CA, for Plaintiff–counter–defendant–Appellant/Defendant–counter–claimant–Appellee.

---

* This disposition is not appropriate for publication and is not precedent except as provided

Thomas C. Lee, Esq., Office of the General Counsel, Oakland, CA, for Defendant–Appellee.

Before: GOODWIN, BYBEE, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Yu–Hwa Pa appeals the district court's partial grant of summary judgment in favor of Defendants Larry Doyle ("Doyle") and San Francisco Bay Area Rapid Transit District ("BART"). The facts and procedural history of this case are known to the parties, and we repeat them here only as necessary. We review the district court's grant of partial summary judgment de novo, *King Jewelry, Inc. v. Fed. Express Corp.*, 316 F.3d 961, 963 (9th Cir. 2003), reviewing the evidence in the light most favorable to the nonmoving party and determining whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004). Because we find that the district court did not err in granting summary judgment, we AFFIRM.

First, the scope of the release here clearly encompasses all claims and potential claims, including any claims Pa might bring under 42 U.S.C. § 1983. Pa argues that under California law, the scope of a release is always a question of fact that must be left to the jury and that evidence of a party's intent to release unknown claims must be extrinsic to the language of

by 9th Cir. R. 36–3.

the agreement itself. Although California courts may apply this rule in the context of personal injuries, *see Casey v. Proctor*, 59 Cal.2d 97, 105–13, 28 Cal.Rptr. 307, 378 P.2d 579 (Cal.1963), waivers in commercial agreements involving "ordinary business relations" between businesses are generally given effect as written, so long as the scope of the waiver is clear from the language of the agreement itself. *See Winet v. Price*, 4 Cal.App.4th 1159, 1170–72, 6 Cal.Rptr.2d 554 (Cal.Ct.App.1992).

The language at issue here unambiguously encompasses all claims and potential claims under the agreement and the change order. The ambiguity proffered by Pa arises from his selective quotation and emphasis of the language of the waiver. Read fairly and as a whole, the agreement refers to two time periods: the period falling under the extension granted by Change Order No. 14 and the contractual period prior to and including August 2, 2002. Although it is true that these two periods overlap by approximately 17 days,[1] this reading does not—contrary to Pa's contentions—require us to treat any language in the release as superfluous. Pa's construction, on the other hand, which would read the release as applying only to the period covered by Change Order No. 14, renders the reference to the period prior to and including August 2, 2002 wholly superfluous, given that the applicable time period covered by that change order runs from July 17, 2002 through August 24, 2002. In sum, although the release provides no explanation for the overlap, the overlap itself does not render the release ambiguous; moreover, Pa's proffered reading does violence to the plain language of the release and would require us to strike language from the parties' agreement.

Other factors besides the plain language of the waiver also convince us to give effect to the Change Order's plain language. The Change Order involved no personal injury claim, was a standard business agreement between two parties experienced in the industry dealing at arms length, and expressly waived the provisions of California Civil Code § 1542. Furthermore, contrary to Pa's protestations, he did receive valuable consideration for this waiver: In exchange for his waiver of claims, he received a 39–day extension, which, at $1,500 per day in liquidated damages, was worth $58,500. We are persuaded that *Winet* requires us to enforce this waiver according to its terms.

Second, Pa argues that he is entitled to rescission of the waiver because of BART's misrepresentations regarding the scope of the waiver or mistake. However, he neither alleged fraud nor requested rescission below. We decline to review these issues for the first time on appeal.

Finally, Pa also argues that the waiver did not encompass his § 1983 claims as a matter of law. For the reasons stated above, we reject this argument.

**AFFIRMED.**

---

1. The time of completion under the original contract period plus earlier change orders was 404 days, giving a final completion date of July 16, 2002; the 39–day extension granted by Change Order No. 14 encompassed July 17, 2002 through August 24, 2002. Change Order No. 14 thus includes 17 days prior to August 2, 2002.